UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON DEL RIO,<br><br>                 Petitioner,<br><br>v.<br><br>DANIEL PARAMO,<br><br>                 Respondent. | Case No.: 3:17-cv-608-GPC-BGS<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION [Doc. No. 12] AND GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS [Doc. No. 8]** |

**BACKGROUND**

Ramon Del Rio, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 24, 2017. Doc. No. 1. Del Rio alleges that prison officials denied him due process by issuing him a Rules Violation Report ("RVR") for not providing a urine sample for drug testing. *Id.* at 12. Del Rio asserts that the officers' actions violated prison rules, and relatedly, his right to due process. *Id.* He explains that he could not provide a urine sample due to a medical condition. *Id.* As a remedy, Del Rio asks for expungement of the RVR and restoration of credits he lost as a result of the infraction. *Id.*

On June 13, 2017, Respondent filed a motion to dismiss the petition. Doc. No. 8. Respondent argues that (1) Del Rio's petition does not invoke federal habeas corpus

jurisdiction, and (2) even if the Court were to construe the petition as a claim under 42 U.S.C. § 1983, Del Rio fails to raise a substantial federal question. *Id.* at 2-8. With respect to the first ground, Respondent explains that Del Rio's petition does not invoke federal habeas jurisdiction because the relief sought will not necessarily affect the duration of his confinement. *Id.* at 3-4. Del Rio filed a response in opposition to motion to dismiss on August 16, 2017. Doc. No. 11.

On January 8, 2018, United States Magistrate Judge Bernard G. Skomal issued a report and recommendation (the "Report") recommending this Court grant Respondent's motion to dismiss. Doc. No. 12. Judge Skomal's order instructed that objections to the Report must be filed by January 26, 2018. *Id.* at 9. Del Rio did not file any objections.

After careful consideration of the pleadings and relevant exhibits submitted and for the reasons set forth below, this Court **ADOPTS** the Report and **GRANTS** Respondent's motion to dismiss.

## DISCUSSION

### I.  Legal Standard

Federal Rules of Civil Procedure 72(b) and 28 U.S.C. § 636(b) set forth this Court's duties in connection with a report from a Magistrate Judge. The Court "may accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b). This Court need not review *de novo* portions of the Report to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). Because Del Rio filed no objections to the Report, this Court may assume the correctness of Judge Skomal's findings of fact and decide the motion on the applicable law. *Campbell v. U.S. Dist. Ct. for the N. Dist. Of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974); *Johnson v. Nelson*, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001).

### II.  Analysis

#### a.  Habeas Jurisdiction

Judge Skomal concluded that Del Rio cannot pursue his claims in a petition for a writ of habeas corpus. Doc. No. 12 at 6. A state prisoner cannot bring a habeas corpus

action if his claim is not at "the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). A claim is at the core of habeas corpus if it "challenges the fact or duration of the conviction or sentence" and "*necessarily* lead[s] to immediate or earlier release for confinement." *Id.* at 934-35 (emphasis added).

Del Rio is confined as a result of a California criminal judgment. Doc. No. 1. Since Del Rio brought the instant action under a habeas corpus claim, his claim must be at "the core of habeas corpus." Doc. No. 1; *Nettles*, 830 F.3d at 934. In California, a prisoner is eligible for release if he is found suitable for parole and he has reached the minimum eligible parole date (MEPD). *Nettles*, 830 F.3d at 925. Del Rio reached his MEPD in 1984. Prior to receiving his RVR, Del Rio was denied parole. In reaching that decision, the parole board explained, *inter alia*, that Del Rio had not assumed full responsibility for his criminal conduct and that he had a "statistically high risk to reoffend in the free community." Lodg. 9:3. These considerations demonstrate that expungement of Del Rio's RVR will not "necessarily" result in his earlier release of confinement because a prison rule violation is only one of many factors the parole board must consider in making its determination. *Nettles*, 830 F.3d at 934-35 ("Because the parole board has the authority to deny parole on the basis of any of the grounds presently available to it, the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." (internal quotation marks and citation omitted)). Indeed, "the panel could deny parole to [Del Rio] even if he succeeded in expunging [his] violation report." *Id.* at 935.

Moreover, as Judge Skomal noted in the Report, because Del Rio's MEPD has passed, a loss of credits due to the RVR will not lengthen his sentence. "These credits will not get [Del Rio] to his MEPD any faster because he reached it decades ago, and even if their restoration would have any impact on the outcome of his next parole hearing, it would be one among the many considerations before the Board noted above and not necessarily lead to an earlier release." (Report, at 6.)

The Court concludes that, because the relief Del Rio seeks would not necessarily have an impact on the duration of his confinement, his petition lies outside the "core of habeas corpus." Del Rio must assert his claims regarding the alleged improper RVR, "if at all, under § 1983." *Nettles*, 830 F.3d at 931 (internal quotation marks omitted).

**b. Conversion to § 1983**

"Although [Del Rio]'s claims are not cognizable in habeas, [the Court] must still consider whether" the petition can be construed "as pleading a cause of action under § 1983," which entails determining whether the petition is "amenable to conversion on its face." *Id.* at 935–36. Judge Skomal found the Petition unamenable to conversion to a § 1983 action, and this Court agrees.

As Judge Skomal notes, not only is the petition not amenable on its face because it does not allege any personal action by Respondent, *see Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."), but also conversion under these circumstances could negatively impact Del Rio. If the Court were to convert the petition into a § 1983 action and dismiss it on the merits, that would count as a strike against Del Rio under the Prisoner Litigation Reform Act's three-strikes rule. *See* 28 U.S.C. § 1915(g) (barring, with a limited exception, a prisoner from bringing a civil action "if the prisoner has, on 3 or more prior occasions, . . . brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted"). The Court agrees with Judge Skomal's recommendation that the petition is unamenable to conversion to a § 1983 action.

Having concluded that the petition is not amenable to a § 1983 action, **the Court advises Petitioner that (1) the Court has not made a decision on the ultimate merit of his case, (2) Petitioner may refile this suit immediately under the proper legal label, subject to the normal rules (such as those prohibiting frivolous lawsuits), and (3) if Petitioner chooses to refile his suit under the proper legal label, certain consequences**

**will probably result, including consideration of the claim on the merits, which might result in dismissal and a "strike" against Petitioner under 28 U.S.C. § 1915(g)**. *See Glaus v. Anderson*, 408 F.3d 382, 389–90 (7th Cir. 2005) (recommending that such warnings be given under these circumstances).

## CONCLUSION AND ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED**:

1. The findings and conclusions of Judge Skomal presented in the Report (Doc. No. 12 are **ADOPTED** in their entirety;
2. Respondent's Motion to Dismiss (Doc. No. 8) is **GRANTED**;
3. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED WITH PREJUDICE**.

Dated: February 22, 2018

Hon. Gonzalo P. Curiel
United States District Judge